UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY KATHERINE KLAAS,<br><br>                                   Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br><br>                                   Defendant. | Case No.:  22-cv-460-L-BLM<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION [ECF No. 20]**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF No. 16]**<br><br>**(3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF No. 17]** |

Pending before the Court is a motion for summary judgment filed by Plaintiff Amy Katherine Klaas's ("Plaintiff"), (ECF No. 16), a cross-motion for summary judgment and opposition filed by Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration's ("Defendant"), (ECF No. 17), and Plaintiff's reply to Defendant's cross-motion, (ECF No. 18).  Also before the Court is Magistrate Judge Barbara L. Major's Report and Recommendation, ("R&R," ECF No. 20), recommending the Court deny Plaintiff's motion for summary judgment, grant Defendant's motion for summary

judgment, and enter judgment in favor of Defendant. Plaintiff filed an objection to the R&R, (ECF No. 21), and Defendant responded, (ECF No. 22). For the reasons stated below, the Court overrules Plaintiff's objections, adopts the R&R, denies Plaintiff's motion, and grants Defendant's motion.

## I.     BACKGROUND

On May 6, 2022, Plaintiff filed this social security appeal challenging the denial of her application for disability insurance benefits pursuant to 42 U.S.C. § 405(g). (ECF No. 1.) Plaintiff moved for summary judgment on the grounds that the Administrative Law Judge's ("ALJ") functional capacity assessment lacked the support of substantial evidence. (ECF No. 16.) Specifically, Plaintiff argued that the ALJ's conclusion that the opinions of two doctors—Dr. Bradshaw and Dr. Hall—were unpersuasive was unsupported by substantial evidence. (*Id.*) Defendant filed a cross-motion contending that the ALJ's evaluation of the medical opinions and prior administrative medical findings was in fact supported by substantial evidence. (ECF No. 17.) Judge Major found that the ALJ properly evaluated the persuasiveness of Dr. Bradshaw's and Dr. Hall's opinions and ultimately agreed with Defendant. (ECF No. 20.) Plaintiff now objects to Judge Major's determination that the ALJ properly evaluated Dr. Bradshaw's and Dr. Hall's opinions.[1] (ECF No. 21.)

## II.    LEGAL STANDARD

In deciding a motion for summary judgment in connection with a Magistrate Judge's R&R, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).

---

[1] Judge Major's R&R contains an accurate recitation of the relevant facts and procedural background to which neither party objects. (*See* ECF No. 20.) The Court therefore incorporates the background as set forth therein.

"A decision by the Commissioner to deny disability benefits will not be overturned unless it is either not supported by substantial evidence or is based upon legal error."[2] *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). Substantial evidence is "more than a mere scintilla" but only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Moreover, an ALJ "need not discuss all evidence presented to her," but "she must explain why significant probative evidence has been rejected." *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193 (9th Cir. 2022) (quoting *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984)). The ALJ must articulate "how persuasive" they "find all of the medical opinions," specifically addressing the most important factors the ALJ considers in determining the persuasiveness of a medical opinion: supportability and consistency. 20 C.F.R. § 404.1520c(b). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence,' while "[c]onsistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (first quoting 20 C.F.R. § 404.1520c(c)(1); and then quoting *id.* § 404.1520c(c)(2)).

### III. DISCUSSION

Dr. Bradshaw and Dr. Hall each found Plaintiff to have total occupational disability. (ECF No. 13-12, at 30–34; ECF No. 13-15, at 3.) As to supportability, the ALJ found both opinions to be unpersuasive because they were "not supported by the objective medical evidence, discussed above." (ECF No. 13-2, at 46–47.) The objective medical evidence

---

[2] As Plaintiff's objection only challenges substantial evidence, the Court does not address legal error.

"discussed above" includes information that Plaintiff "reported struggling with depression isolation, difficulty with interpersonal relationships, dropping college classes, and frustration with getting denials from Social Security." (*Id.* at 46.) But the ALJ also found the following of Plaintiff:

> she had infrequent nightmares and some hypervigilance; she was taking classes at school; she denied suicidal ideation; she was attending AA online; she was sleeping good or okay with trazodone; she was getting groceries, doing laundry, living with her parents, making meals for them, knitting, watching TV, and occasionally walking the dog with her mom; she was spending time with her parents; she was generally staying busy, never bored, was knitting, watched a movie, and was comfortable at home overall; when COVID restrictions were over, she wanted to volunteer at the VA or a pet shelter, train to be a CASA for kids, get a class B license and RV, spend summers in Santa Cruz, travel, and see figure skating; she was walking and drinking less Coke; she was planning on starting Weight Watchers with her mom; she was hopeful she could start to get her life back by getting manicures/pedicures, volunteering in person, and attending AA meetings; she was watching TV, doing the stepper while watching TV, and knitting; and, she was stepping at least 1 hour a day.

(*Id.*)

Plaintiff, in her objection, cites to reports in the Administrative Record ("AR") from May of 2020 through April of 2021 in which Plaintiff reported various mental impairments such as "struggling with depression and feeling isolated," frustration and anger from getting denied by Social Security, and "little motivation to do anything." (ECF No. 21, at 4–5.) Plaintiff contends that these reports support Dr. Bradshaw's and Dr. Hall's opinions and thus it was improper for the ALJ to find the opinions unpersuasive for want of support. (*See id.* at 7.)

The Court finds the ALJ's supportability finding survives Plaintiff's substantial-evidence challenge. The ALJ acknowledged Plaintiff's negative mental status reports but adequately explained that a finding of total impairment was not supported by evidence that Plaintiff was taking classes at school, attending AA online, getting groceries, and doing

laundry, among other things. Thus the ALJ's supportability finding is supported by substantial evidence.

Turning to consistency, the ALJ held that Dr. Bradshaw's and Dr. Hall's opinions were unpersuasive because they were inconsistent with the mental status examination findings "discussed above." (ECF No. 13-2, at 46–47.) The mental examinations "discussed above" are those of Dr. Gabriel, Dr. Amado, and Dr. Haroun. (*Id.* at 43–46.) Plaintiff recognizes that all five physicians agree as to the presence of limitations but differ as to the extent of those limitations and argues that the mere difference of opinion, without more, does not constitute substantial evidence. (ECF No. 21, at 6.)

The ALJ referenced Plaintiff's mental status examinations with Dr. Gabriel that found: "depressed and anxious mood; broad, mood congruent, and tearful affect; normal, linear, and goal oriented thought process; no abnormality of thought content; cooperative and friendly behavior; normal eye contact; normal attention and concentration; normal memory; and, good insight and judgment, discussed above." (ECF No. 13-2, at 46.) The ALJ noted that Dr. Amado's and Dr. Haroun's opinions were consistent with Dr. Gabriel's findings and that all three opinions were consistent with Plaintiff's reported activities discussed above that indicate less than total disability. (*Id.*) The ALJ also found Dr. Amado's and Dr. Haroun's opinions to be supported by the objective medical evidence. (*Id.*) It follows that in finding Dr. Bradshaw's and Dr. Hall's opinions inconsistent with the opinions of three other doctors, the ALJ found that the opinions were in turn inconsistent with the objective medical evidence. Thus, the ALJ's consistency finding was not merely the result of a difference of opinion but was supported by substantial evidence.

It is worth noting that the ALJ also found Dr. Bradshaw's and Dr. Hall's opinions unpersuasive in part because the opinions were rendered before the alleged onset date. (ECF No. 13-2, at 46–47.) Plaintiff argues that the opinions are nonetheless consistent with and supported by the post onset medical record. (ECF No. 21, at 4.) As "[m]edical opinions that predate the alleged onset of disability are of limited relevance," *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008), the ALJ properly

discounted the opinions in part due to the time they were rendered, in addition to finding them inconsistent and unsupported.

In sum, the Court finds the ALJ's final decision is supported by substantial evidence and free of legal error.

## IV.   CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** Judge Major's R&R, **DENIES** Plaintiff's motion for summary judgment, and **GRANTS** Defendant's motion for summary judgment.

**IT IS SO ORDERED.**

Dated:  September 13, 2023

_____
Hon. M. James Lorenz
United States District Judge